IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VINCENT CAMASTRO,

    Plaintiff,

v.                                         Civil Action No. 5:06CV69
                                                         (STAMP)

CITY OF WHEELING and
BARRY CROW, individually and in
his capacity as a City Councilman,

    Defendants.

## ORDER DENYING AS MOOT WITHOUT PREJUDICE
## DEFENDANTS' MOTION TO DISMISS

On June 7, 2006, the plaintiff, Vincent Camastro, filed a complaint in this Court alleging that the defendants, City of Wheeling and Barry Crow, violated his civil rights. On August 8, 2006, the defendants filed a motion to dismiss. In response, the plaintiff states that after review of the defendants' motion to dismiss, the plaintiff now elects to file a first amended complaint, contemporaneously with his response, pursuant to Federal Rule of Civil Procedure 15(a). The plaintiff filed his first amended complaint on the same day, which was assigned Document No. 15. On September 18, 2006, the defendants filed an answer.

Federal Rule of Civil Procedure 15(a) applies to parties seeking to amend their pleadings. This rule states in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of

the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a).

This Court finds that the plaintiff is entitled to amend his complaint pursuant to Rule 15(a) because at that time, the defendants had not filed a responsive pleading. At the time the plaintiff amended his complaint, the only document filed by the defendants was a motion to dismiss. A motion to dismiss is not a responsive pleading. Domino Sugar Corp. v. Sugar Workers Local Union 392, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993). Accordingly, the plaintiff's amended complaint stands as the exclusive legally-operative complaint.

Further, this Court finds that the defendants should be given an opportunity to file a renewed motion to dismiss in order to address the amendments to the complaint. Because the original complaint no longer governs, the defendants' motion to dismiss the original complaint no longer governs. Thus, it is ORDERED that the defendants' motion to dismiss is DENIED AS MOOT WITHOUT PREJUDICE so that the defendants may refile a motion to dismiss or otherwise respond to the plaintiff's amended complaint, should they choose to do so.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      November 29, 2006

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE