IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VINCENT CAMASTRO,

    Plaintiff,

v.                                      Civil Action No. 5:06CV69
                                                  (STAMP)

CITY OF WHEELING and
BARRY CROW, individually and in
his capacity as a City Councilman,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' RENEWED MOTION
FOR COSTS AND OTHER SANCTIONS**

I.  <u>Facts and Procedural History</u>

The plaintiff, Vincent Camastro, filed the above-styled civil action alleging that the defendants violated his First Amendment rights to free speech and petition by making public comments that allegedly were designed to incite the public to remove protest signs the plaintiff erected and by barring the plaintiff from communication with city officials. On October 24, 2007, this Court granted the defendants' motion for summary judgment on the plaintiff's First Amendment claims with prejudice and state civil rights claims without prejudice. The plaintiff appealed the judgment. While the case was on appeal, the defendants filed a motion for costs and other sanctions. This Court denied that motion without prejudice as pre-mature, allowing the defendants to re-file pending the outcome of the plaintiff's appeal.

On May 7, 2009, the United States Court of Appeals for the Fourth Circuit affirmed the judgment of this Court.  Thereafter, on June 25, 2009, the defendants filed a renewed motion for costs and other sanctions to which the plaintiff responded.  For the reasons that follow, the defendants' renewed motion for costs and other sanctions will be denied.

## II.  Discussion

A.  Attorney's Fees

In an action pursuant to 42 U.S.C. § 1983, the district court, in its discretion, may award reasonable attorney's fees to the prevailing party.  Hutchinson v. Staton, 994 F.2d 1076, 1080 (4th Cir. 1993).  "Prevailing defendants should receive attorneys' fees only when the plaintiff's claim was 'frivolous, unreasonable, or groundless,' or when 'the plaintiff continued to litigate after it clearly became so.'"  Id. (quoting Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422 (1978).  A claim is not frivolous, unreasonable, or groundless merely because a civil rights plaintiff lost his case.  Unus v. Kane, 565 F.3d 103, 127 (4th Cir. 2009).

In this case, this Court cannot say that the plaintiff's suit was "frivolous, unreasonable, or groundless."  The Supreme Court has cautioned district courts to resist the "temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or

without foundation." Christiansburg Garment Co., 434 U.S. at 422. First, the plaintiff did have a colorable claim. In this case, the plaintiff supported his constitutional claims against the defendants with specific factual allegations, rather than with mere conjecture and speculation. Unus, 565 F.3d at 130. It is true that the plaintiff has a litigation history with the defendants, but the record fails to indicate that the plaintiff filed this civil action or appealed his case to the Fourth Circuit in order to spite the defendants. While his arguments did ultimately fail, the arguments were not so groundless as to allow the claim for attorney's fees and costs. As stated by the Supreme Court, "this kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." Id.

Further, the plaintiff in this case was represented by counsel and all motions were fully briefed by counsel for the parties. While this Court does not believe that representation by counsel creates a presumption of reasonableness, in this case the plaintiff was guided by counsel and his pleadings throughout the litigation process did not reflect a level of frivolousness.

Finally, the defendants urge this Court to award attorney's fees because of plaintiff counsel's aggressiveness. Other than quoting a footnote of the Fourth Circuit stating that the plaintiff "launched an aggressive litigation campaign" against the

defendants, the defendants have failed to show how this § 1983 action amounted to a "vendetta" against them.

For the above stated reasons, this Court must deny the defendants' request for attorney's fees under 42 U.S.C. § 1983.

B.  Pre-Filing Injunction

The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the power to limit access to the courts by "vexatious and repetitive litigants." Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817 (4th Cir. 2004). This statutory power is tempered by a parties' constitutional guarantees of due process of law and access to the courts. U.S. Const. amend. XIV, § 1; Cromer at 817.

The Fourth Circuit has prescribed a four-pronged evaluation for considering whether a pre-filing injunction is substantively warranted:

> [A] court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Cromer, 390 F.3d at 818.

Here, the plaintiff does not have an extreme history of litigation with this Court. While it is alleged that the plaintiff has sued the defendants eleven times in state court in the past

4

twelve years, the plaintiff has filed three suits against defendant City of Wheeling in this Court.

Camastro's first two suits, companion cases filed in 1997 and 1998, arose out of the plaintiff's allegation that he was wrongfully denied a zoning variance that would permit him to construct a three-bay car wash on property owned by plaintiff and located within the City of Wheeling. The plaintiff argued that certain city officials and other private individuals conspired to wrongfully deny him this zoning variance in violation of his constitutional right to be free from deprivation of property without due process of law. The present action, filed in 2006, resulted from a statement made by a city councilman and a letter written by a city official. Although related to the denial of the zoning variance, this third suit cannot be said to be identical to the first two filed by the plaintiff. The plaintiff's litigation history in this Court cannot justify the extraordinary remedy sought by the defendants.

Further, as addressed in the previous section, this Court cannot say that the plaintiff did not have a colorable claim. Further, the defendants have failed to produce sufficient evidence to prove that the plaintiff's motives were vexatious. Filing three suits in twelve years, two of which were companion cases, did not produce an overwhelming burden upon this Court. Finally, the remedy asked for by the defendants, that this Court prevent the

5

plaintiff from filing <u>any</u> suits in this Court without this Court's permission, is too extreme of a remedy for this Court to grant at this time based upon the record to date.

### III. <u>Conclusion</u>

For the reasons set forth above, the defendants' renewed motion for costs and other sanctions is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    October 30, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE